16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George E. COVEY, Elaine C. Covey, aka Elaine C. Gordon;
Forest Runer, Ellen T. Marlier, aka Ellen T. Covey; The
Piqua State Bank, George Junior Covey, aka George J. Covey;
Betty Loyce Covey, Sohio Corporation, Federal Deposit
Insurance Corporation, Defendants,
and
David C. Mogan, Defendant-Appellant.
 No. 93-3230.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of an action instituted by the United States to foreclose mortgages securing loans made by the government, acting through the Farmers Home Administration, to borrowers George E. Covey and Elaine C. Covey (now Elaine C. Gordon). Appellant David C. Mogan, who was a judgment lien creditor of the borrowers, was named as a defendant in the action. Mr. Mogan, appearing throughout pro se, did not file an answer in the action, did not bid at the Marshal's sale of the property, and did not exercise his right of redemption. The district court ruled that Mr. Mogan's lien was inferior to that of the government and that his lien was extinguished by the foreclosure proceedings. Mr. Mogan appeals and we affirm.
 
 
 3
 As an initial matter, we address the government's motion to dismiss this appeal as premature. Mr. Mogan filed his notice of appeal on July 26, 1993. However, the order from which he appeals was entered on August 10, 1993, after the filing of the notice of appeal. Although the August 10 order was a final order, a notice of appeal can only confer jurisdiction over those orders in existence at the time it was filed. See Nolan v. United States Dep't of Justice, 973 F.2d 843, 846 (10th Cir.1992). While Mr. Mogan's prematurely filed notice of appeal is thus not sufficient to confer jurisdiction on this court, we may nonetheless have jurisdiction if Mr. Mogan has otherwise timely filed the functional equivalent of a notice of appeal. See Smith v. Barry, 112 S.Ct. 678, 681-82 (1992); Nolan, 973 F.2d at 846. Here Mr. Mogan filed his brief on the merits in this court within sixty days of the order he wishes to appeal. Our review of this brief reveals that it constitutes the functional equivalent of a notice of appeal. It is therefore sufficient to confer jurisdiction.
 
 
 4
 Our resolution of the merits is based on the following facts, which Mr. Mogan has not disputed. The borrowers obtained loans from the United States in 1982 secured by mortgages on the property at issue. At the time of entry of the order granting the government foreclosure of its mortgages, the borrowers owed the government $219,170.00 on the principal and $201,060.92 accrued interest.
 
 
 5
 Mr. Mogan obtained a judgment lien against the borrowers in 1992 in the amount of $170,200. He was named as a defendant in the government's foreclosure action. All defendants named in the foreclosure action were given a six month right of redemption in the order granting foreclosure to the government.
 
 
 6
 The subject property was sold April 21, 1993 in two tracts. The government purchased one tract for $64,592.00 and the second tract was sold to a W.J. Gregg for $24,500.00. On July 16, 1993, the Gregg tract was redeemed by George Junior Covey and Betty Loyce Covey, who were also listed as defendants in the foreclosure action. The lower court subsequently ruled that Mr. Mogan's lien was inferior to that of the government and that his lien was extinguished by the foreclosure sale.
 
 
 7
 Although Mr. Mogan's brief on appeal is wide-ranging, it is conspicuously short on specifics. He asserts that he was denied his right to procedural due process when the court granted the government's foreclosure petition before ruling on his motion to dismiss, which he filed instead of an answer. However, Mr. Mogan's arguments were specifically reserved by the court when it granted foreclosure. Moreover, Mr. Mogan presented nothing either below or on appeal that can appropriately be considered a viable argument against the government's right to foreclose.
 
 
 8
 Although conceding that lien priorities are governed by the "first in time, first in right" rule, Mr. Mogan also makes a vague allegation that the government's lien was not perfected and that contested facts exist on this issue. Mr. Mogan has not specified in what way the lien was deficient, however, or what fact issues are present. Moreover, we can ascertain no indication in the record that he made this argument below. Mere conclusory allegations made for the first time on appeal will not be considered by this court.
 
 
 9
 In sum, Mr. Mogan was given an adequate opportunity below to present his arguments. He has failed to provide at any point in these proceedings an argument for avoiding the result that otherwise flows inexorably from the undisputed facts. When, as here, a junior lienor has been made a party to foreclosure proceedings, he " 'may make a meaningful bid at the foreclosure sale or he may redeem. If he does neither he has lost his opportunity to protect his lien....' " McGraw v. Premium Fin. Co., 637 P.2d 472, 474 (Kan.App.1981) (quoting Lenexa State Bank & Trust Co. v. Dixon, 559 P.2d 776, 783 (Kan. 19787)). Mr. Mogan did neither and has not presented any reason why his failure is not fatal to the existence of his lien.
 
 
 10
 The judgment is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993